■ BRUCE S. REZNICK, Appellant-Respondent, v DAVID TANEN et al., Respondents-Appellants.—In an action to recover damages for tortious interference with contractual relations and for defamation, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated August 8, 1988, as granted the defendants' motion for summary judgment dismissing the complaint. The defendants cross appeal from so much of the same order as granted the plaintiff leave "to replead and to frame a new complaint".

Ordered that the plaintiff's appeal is dismissed as abandoned; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law; and it is further,

Ordered that the defendants are awarded one bill of costs.

The Supreme Court granted the defendants' motion for summary judgment dismissing all four causes of action alleged in the plaintiff's complaint, but granted the plaintiff leave to replead.

On appeal, the plaintiff does not dispute that summary judgment dismissing the complaint was appropriate. However, the defendants correctly contend that it was error for the Supreme Court to grant the plaintiff leave to replead. The plaintiff's argument that the court could properly infer from the record that the plaintiff possessed an unpleaded cause of action for breach of the parties' stipulation of settlement of a prior action, and therefore, grant leave to replead, is without merit. Having granted summary judgment based on the facts before it, the Supreme Court was without authority to grant the plaintiff leave to replead *(Buckley & Co. v City of New York,* 121 AD2d 933, 935). Harwood, J. P., Balletta, Rosenblatt and Miller, JJ., concur.