■ HANOVER INSURANCE COMPANY, Respondent, v CAROLE A. CARLEY et al., Defendants, and MADELINE COLLETI et al., Appellants. [650 NYS2d 782] —In a subrogation action to recover damages for injury to property, (1) the defendants Madeline Colleti, as the mother and natural guardian of Matthew Colleti, and Madeline Colleti individually, appeal from an order of the Supreme Court, Suffolk County (Oshrin, J.), entered October 13, 1995, which granted the plaintiff's motion to amend its complaint so as to add an additional cause of action against the defendant Matthew Colleti, and (2) the defendants Madeline Colleti, as the mother and natural guardian of Thomas Colleti and Matthew Colleti, and Madeline Colleti individually, appeal from an order of the same court, dated January 18, 1996, which denied their motion for reargument and, sua sponte, vacated a judgment of the same court entered August 28, 1995, which, upon an order dated July 12, 1995, granting their motion for summary judgment, dismissed the complaint insofar as asserted against them.

Ordered that the order entered October 13, 1995, is reversed, on the law, and the plaintiff's motion to amend the complaint is denied; and it is further,

Ordered that appeal from so much of the order dated January 18, 1996, as denied the appellants' motion for reargument is dismissed, as no appeal lies from the denial of a motion to reargue; and it is further,

Ordered that on the Court's own motion, so much of the notice of appeal as purports to seek review of that portion of the order dated January 18, 1996, as, sua sponte, vacated the judgment of the same court, entered August 28, 1995, is treated as an application for leave to appeal and leave to appeal is granted (see, CPLR 5701 [b] [1]); and it is further,

Ordered that so much of the order dated January 18, 1996, as vacated the judgment entered August 28, 1995, is reversed, on the law, and the judgment is reinstated; and it is further,

Ordered that the appellants are awarded one bill of costs.

We conclude that the court erred in vacating its own judgment *sua sponte (see, Herpe v Herpe,* 225 NY 323; *Osamwonyi v Grigorian,* 220 AD2d 400; *Poughkeepsie Sav. Bank v Maplewood Land Dev. Co.,* 210 AD2d 606; CPLR 5019 [a]). Contrary to the court's determination, the judgment was not inconsistent with the decision upon which it was based *(cf., Verdrager v Verdrager,* 230 AD2d 786; *Hanlon v Thonsen,* 146 AD2d 743). Accordingly, as judgment was entered in favor of the appellants and the complaint was dismissed insofar as asserted against them, the Supreme Court erred in granting the plaintiff permission to replead so as to assert a cause of action against one of the appellants *(see, Reznick v Tanen,* 162 AD2d 594; *Buckley & Co. v City of New York,* 121 AD2d 933). Rosenblatt, J. P., O'Brien, Ritter and Friedmann, JJ., concur.