■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE COTTO, Appellant. [693 NYS2d 98] —Order, Supreme Court, New York County (Juanita Bing Newton, J.), entered August 25, 1997, which denied defendant's motion for remission of forfeited bail, unanimously affirmed, without costs.

Pursuant to CPL 540.10 (2), once a bail forfeiture has been reduced to a judgment it can be set aside only upon a motion for remission, which must be made within one year after the forfeiture of bail is declared. In the present case, defendant's bail was declared forfeited on August 9, 1995, when defendant's failure to appear was noted on the record and the forfeiture order was entered. Defendant's *pro se* motion for remission of bail was filed on April 22, 1997, well after the one-year limitations period had expired, and consequently was time-barred. The limitations period is jurisdictional and therefore cannot be waived (*People v Public Serv. Mut. Ins. Co.*, 37 NY2d 606, 612).

In any event, the determination denying the motion for remission of bail was a proper exercise of discretion. It was appropriate to conclude that defendant's incarceration, which was the result of crimes he committed while released on bail, did not constitute an exceptional circumstance, and was the result of his willful conduct (*see, People v Peerless Ins. Co.*, 21 AD2d 609; *see also, People v Stuyvesant Ins. Co.*, 24 AD2d 989, *affd* 21 NY2d 907). We have considered and rejected defendant's remaining arguments. Concur—Rosenberger, J. P., Tom, Rubin, Saxe and Buckley, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL WILLIAMS, Appellant. [690 NYS2d 447] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered November 7, 1997, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of 5 to 10 years, unanimously affirmed.

Defendant did not preserve his present claim that, under the facts of the case, the court should not have included any reference to the duty to retreat in its justification charge and we decline to review it in the interest of justice. Were we to review this claim, we would find that the instruction accurately stated the law and could not have caused any prejudice. Concur—Nardelli, J. P., Williams, Wallach, Lerner and Andrias, JJ.