■ ANTHONY LAVALLE et al., Respondents, v ASTORIA CONSTRUCTION & PAVING CORP., Appellant. [697 NYS2d 605] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered July 7, 1998, which denied defendant's motion to dismiss plaintiffs' complaint pursuant to CPLR 3215 (c) and granted plaintiffs' cross motion to the extent of ordering the defendant to serve an answer within 45 days of service of a copy of the order with notice of entry, unanimously affirmed, without costs.

While plaintiffs did not move for a default judgment within a year of defendant's default (see, CPLR 3215 [a]), the court exercised its discretion providently by denying defendant's motion to dismiss the complaint pursuant to CPLR 3215 (c). Plaintiffs furnished an affidavit demonstrating a meritorious cause of action (see, Hoffmann v Salitan, 203 AD2d 91), and although the excuse proffered for their delay, inadvertent error by their counsel, is not compelling, "[u]nder CPLR 2005, law office failure is no longer a per se unreasonable excuse for a party's default or delay. The extent of counsel's negligence must instead be weighed against the merits of the claim and the lack of prejudice to the other side" (Sanchez v Javind Apt. Corp., 246 AD2d 353, 355). Here, there has been no tenable showing that plaintiffs' delay prejudiced defendant, which was a third-party defendant in a related litigation, and, as noted, there is an affidavit demonstrating to the extent necessary that there is merit to plaintiffs' complaint. Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD SHELL, Appellant. [698 NYS2d 214] —Order, Supreme Court, New York County (Juanita Bing Newton, J.), entered on or about June 15, 1998, which denied defendant's motion for remission of forfeited bail, unanimously affirmed, without costs.

The record demonstrates that, contrary to defendant's contention, his bail was reinstated, not exonerated, on February 22, 1990. Accordingly, a new forfeiture order was properly entered on June 19, 1990 when defendant failed to appear in court due to his incarceration. Thus, it was a proper exercise of discretion to deny the motion for remission since defendant's incarceration after committing a crime while out on bail "did not constitute an exceptional circumstance, and was the result of his willful conduct" (People v Cotto, 262 AD2d 138). Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Saxe, JJ.