■ ANNE M. HOHLWECK, Respondent, v THOMAS W. HOHL-WECK, JR., Appellant. [714 NYS2d 215] —In a matrimonial action in which the parties were divorced, the defendant former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Shapiro, J.), entered February 5, 1999, as granted the motion of the plaintiff former wife to set the amount of child support and directed him to pay child support in the amount of $2,333 per month commencing April 1, 1999. By decision and order dated April 17, 2000, this Court remitted the matter to the Supreme Court, Westchester County, to set forth the factors considered and the reasons for its determination on the issue of child support, and the appeal was held in abeyance in the interim. The report of the Supreme Court, Westchester County, has been received.

Ordered that the order is modified, by deleting the provision thereof directing the defendant to pay child support in the amount of $2,333, and substituting therefor a provision directing him to pay child support in the amount of $2,266.66; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that so much of the report of the Supreme Court, Westchester County, as purports to amend the prior order dated February 5, 1999, is vacated.

By stipulation dated March 5, 1993, the parties agreed to a formula for determining the amount of child support to be paid by the defendant when the original child support agreement expired. The agreement provided that the parties would follow the Child Support Standards Act with respect to the first $80,000 of combined parental income, and the defendant would pay 10 percent of his remaining income up to $160,000. At a

January 21, 1999, child support proceeding, the defendant produced a pay stub reflecting his 1998 income of $152,000. Using that amount as the basis for calculating child support payments, the defendant is obligated to pay $27,200. per year to the plaintiff wife. Accordingly, the defendant shall pay child support in the amount of $2,266.66 per month.

The Supreme Court was without power to amend its prior order dated February 5, 1999 (*see, Herpe v Herpe,* 225 NY 323, 327; *Shroid Constr. v Dattoma,* 250 AD2d 590, 593; *Hanover Ins. Co. v Carley,* 234 AD2d 268; *Blaustein v Blaustein,* 145 AD2d 591, 592), and therefore, so much of the report as purports to do so is vacated. Mangano, P. J., Bracken, McGinity and Luciano, JJ., concur.