(December 7, 2000)

■ GARRICK AUG ASSOCIATES STORE LEASING, INC., Respondent, v JOSEPH SCALI, Defendant, and TERESA M. HOLLAND, Appellant. [718 NYS2d 281] —Amended judgment, Supreme Court, New York County (Herman Cahn, J.), entered November 18, 1999, which by order, same court and Justice, entered November 12, 1999, amended a prior judgment, entered February 11, 1999, to provide that both defendants are jointly and severally liable to plaintiff in the sum of $846,195 plus interest and costs, unanimously modified, on the law, to the extent of vacating the judgment as to defendant-appellant Holland and dismissing the complaint as to her, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against her. Appeal from order, same court and Justice, entered November 12, 1999, unanimously dismissed, without costs, as subsumed within the appeal from the amended judgment.

In this action to recover a brokerage fee, where, after a nonjury trial, the court found that plaintiff was entitled to its commission under either contract theory or quantum meruit, the court erred in amending its judgment to affect defendant Holland's substantive rights while purporting to cure a mere mistake or defect pursuant to CPLR 5019 (a) (see, Herpe v Herpe, 225 NY 323, 327; Kiker v Nassau County, 85 NY2d 879, 881; Blaustein v Blaustein, 145 AD2d 591, 592). The amended judgment rendered Holland, along with her codefendant husband, Scali, jointly and severally liable to plaintiff, after the original judgment had dismissed the complaint as against her, and awarded her costs from plaintiff. The record supports the view that the court did not initially intend to hold Holland liable inasmuch as the court incorporated plaintiff's proposed findings of fact virtually verbatim into its own except for strik-

ing the paragraph that provided a factual basis for Holland's liability, the issue was extensively briefed by the parties prior to entry of the original judgment, and the original judgment not only incorporated Holland's proposed counterjudgment, but included the award of costs from plaintiff as a handwritten addendum. Concur—Sullivan, P. J., Williams, Ellerin, Wallach and Friedman, JJ.