■ CHARLES SHIPKOSKI, Appellant-Respondent, v WATCH CASE FACTORY ASSOCIATES, Respondent-Appellant. [741 NYS2d 57] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a corrected judgment of the Supreme Court, Suffolk County (Costello, J.), entered February 26, 2001, as dismissed the cause of action to recover damages pursuant to Labor Law § 200, and the defendant cross-appeals, as limited by its brief, from so much of the same corrected judgment as vacated a prior judgment of the same court entered October 31, 2000, dismissing the complaint in its entirety.

Ordered that the corrected judgment is reversed insofar as appealed from, on the law, and the cause of action to recover damages pursuant to Labor Law § 200 is reinstated; and it is further,

Ordered that the corrected judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff allegedly was injured when the floor beneath him gave way while he was working inside the defendant's building. After opening statements at trial, the Supreme Court granted the defendant's motion to dismiss the plaintiff's cause of action to recover damages pursuant to Labor Law § 200.

However, the judgment entered October 31, 2000, dismissed the complaint in its entirety. Thereafter, the Supreme Court vacated that judgment, and issued a corrected judgment dismissing only the Labor Law § 200 cause of action. The plaintiff contends that the Labor Law § 200 cause of action was improperly dismissed, and the defendant contends that the initial judgment was improperly vacated.

The Supreme Court dismissed the Labor Law § 200 cause of action because the plaintiff did not intend to prove that the defendant exercised supervision and control over the work being performed. This was error. Here, the injuries were the result of the allegedly defective condition at the work site, not the manner in which the work was being performed. "A landowner may be held liable for a violation of Labor Law § 200 or in common-law negligence for injuries allegedly suffered by a worker due to a defective condition on its premises if it had actual *or* constructive notice of the condition or exercised supervision or control over the work being performed" (*Lara v Saint John's Univ.*, 289 AD2d 457 [emphasis added]; *see Yong Ju Kim v Herbert Constr. Co.*, 275 AD2d 709; *Cuartas v Kourkoumelis*, 265 AD2d 293; *Giambalvo v Chemical Bank*, 260 AD2d 432). Because the plaintiff intended to prove that the defendant had notice of the allegedly defective condition of the work site, the Labor Law § 200 cause of action should not have been dismissed (*see Akins v Baker*, 247 AD2d 562; *Seaman v Chance Co.*, 197 AD2d 612).

The Supreme Court has the discretion to correct mistakes, defects, and irregularities in judgments that do not affect a substantial right of a party (*see* CPLR 5019 [a]; *Kiker v Nassau County*, 85 NY2d 879, 881; *Berson v Berson*, 265 AD2d 439). Here, the record demonstrates that the arguments of counsel and the court's dismissal related exclusively to the plaintiff's Labor Law § 200 cause of action. Thus, the Supreme Court properly vacated its initial judgment dismissing the complaint in its entirety and issued a corrected judgment (*see Hanlon v Thonsen*, 146 AD2d 743; *cf. Garrick Aug Assoc. Store Leasing v Scali*, 278 AD2d 23; *Hanover Ins. Co. v Carley*, 234 AD2d 268). Ritter, J.P., Goldstein, Friedmann and Luciano, JJ., concur.