(April 30, 2002)

■ Judith Graupner, Appellant-Respondent, v William A. Roth et al., Respondents-Appellants. [742 NYS2d 208] —Order, Supreme Court, New York County (Jane Solomon, J.), entered August 22, 2000, which denied defendant ASA Properties' (ASA) motion to vacate a prior default judgment of the same court (Ralph Costello, J.), entered March 22, 2000, which judgment was in favor of the plaintiff in the amount of $105,000 in compensatory damages and $125,000 in punitive damages, unanimously reversed, without costs, on the law, the default judgment vacated and the complaint against ASA dismissed. The Clerk is directed to enter judgment in favor of ASA Properties, Inc., dismissing the complaint as against it. Order, same court and Justice, entered October 4, 2001, which, inter alia, granted defendant Roth's motion to vacate the entry of default against him, but denied Roth's motion to dismiss the complaint, unanimously modified, on the law, to dismiss the complaint against this defendant, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant William Roth, etc., dismissing the complaint.

Plaintiff is a rent stabilized tenant in defendant Roth's building. ASA manages the building for Roth. Plaintiff brought this action against both ASA and Roth for intentional infliction of emotional distress, alleging that defendants caused her extreme anxiety through: (1) delayed offering of a renewal lease, although ordered to do so; (2) refusing to repair a "collapsed bathroom ceiling" until a complaint was filed with the Division of Housing and Community Renewal; (3) refusing to return her keys to the apartment until she filed a complaint in Civil Court; (4) breaching the covenant of quiet enjoyment by constructively evicting her from the apartment while repairing the bathroom ceiling; and (5) endangering her ability to receive Senior Citizen Rent Increase Exemption (SCRIE) benefits by failing to timely offer her a renewal lease.

On September 4, 1998, plaintiff served two copies of the sum-

mons and complaint on Elizabeth Torres,* one for ASA and one for Roth. Roth had listed ASA's offices as his address in an application for a multiple dwelling registration. ASA was also served via the Secretary of State. Neither ASA nor Roth answered the complaint. Following an inquest, a judgment was filed on March 22, 2000 against both defendants in the amount of $105,000 for compensatory damages and $125,000 for punitive damages.

After receiving service of the notice of entry on March 23, 2000, ASA moved to vacate the default and to dismiss the complaint. In support, ASA's President stated that, while the summons and complaint provided limited information, she had never been served with any other pleadings. ASA also noted that many of plaintiff's claims had already been litigated and/or otherwise resolved. In opposition, plaintiff submitted an affirmation of service, a rent bill showing a claim by defendants for alleged "false arrears," and proof that no renewal lease had been offered during the time mentioned, but did not otherwise controvert defendants' statements. By the first order appealed, entered August 22, 2000, the court denied ASA's motion to vacate the default.

On or about March 28, 2001, defendant Roth moved to vacate the default and to dismiss the complaint against him. He stated that he had never received any notice of either the action, the default, or of ASA's motion, although counsel for ASA was purportedly representing both ASA and himself. Roth appended to his motion an affidavit of ASA's President, Annie Schneider, which detailed the factual deficiencies of plaintiff's claims. The court vacated the default judgment against Roth, and it determined that "[t]here appears to be no basis for the imposition of punitive damages on Roth where his liability stems vicariously from actions of a disclosed agent." ASA appeals from the failure to vacate its default. Both defendants appeal from the court's failure to dismiss the complaint as against them, and plaintiff cross-appeals to contest whether defendant Roth should be liable for punitive damages.

We vacate the default against defendant ASA. The company's failure to properly process the receipt of service here was an excusable failure of internal corporate procedures, akin to law office failure (see, LaValle v Astoria Constr. & Paving Corp., 266 AD2d 28), especially where, as here, plaintiff's claim is woefully lacking in merit, as extensively detailed in the affidavit of the managing agent's president and its exhibits. More-

---

* Ms. Torres was a temporary employee of ASA. The company has no records of her current address and phone number and could not contact her.

over, plaintiff suffered no prejudice as a result of ASA's delay in moving to vacate the default (*see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.*, 67 NY2d 138).

We further dismiss plaintiff's claim of intentional infliction of emotional distress against both defendants. The elements of this cause of action are (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and the injury; and (iv) severe emotional distress (*Howell v New York Post Co.*, 81 NY2d 115, 121). The isolated landlord-tenant disputes and breach of contract claims cited by plaintiff do not, even viewed cumulatively, amount to conduct even close to approaching the threshold of outrageousness needed to support a cause of action for intentional infliction of emotional distress (*Howell, supra* at 122; *Seltzer v Bayer*, 272 AD2d 263, 264; *Walentas v Johnes*, 257 AD2d 352, 353, *lv dismissed* 93 NY2d 958). Concur—Williams, P.J., Mazzarelli, Andrias, Lerner and Marlow, JJ.