■ ALIXANDRA C. BAKER et al., Respondents, v 16 SUTTON PLACE APARTMENT CORPORATION, Appellant. [768 NYS2d 198]—

Order, Supreme Court, New York County (Barbara Kapnick, J.), entered February 26, 2003, which granted plaintiffs' motion for leave to file an amended complaint, unanimously modified, on the law, to deny the motion with respect to the proposed first, third, fourth and seventh causes of action and so much of the proposed fifth cause of action as applies to the various maintenance items set forth in paragraph 60 of the amended complaint, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered November 19, 2002, which, to the extent appealed from, denied, in part, defendant's cross motion for summary judgment dismissing the complaint, unanimously dismissed as moot, without costs.

While the amended complaint superseded the original complaint, and defendant's appeal of the partial denial of its motion for summary judgment dismissing the original complaint is therefore moot (*see Hummingbird Assoc. v Dix Auto Serv.,* 273 AD2d 58 [2000], *lv denied* 95 NY2d 764 [2000]), the prior grant of defendant's cross motion for summary judgment insofar as it sought dismissal of plaintiffs' causes for gross negligence and intentional infliction of emotional distress is preclusive of those claims to the extent they are reasserted in the amended pleading (*see Reznick v Tanen,* 162 AD2d 594 [1990]; *Buckley & Co. v City of New York,* 121 AD2d 933, 934-935 [1986]), and even insofar as the proposed amended causes for gross negligence and intentional infliction of emotional distress are premised on new allegations, they should not have been permitted since they are plainly without merit (*see Jeffrey L. Rosenberg*

& *Assoc. v Kadem Capital Mgt.*, 306 AD2d 155 [2003]; *Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107, 117 [1998]). In light of the absence of any factual allegations to support the inference that defendant intentionally performed an unreasonable act posing a specific known or obvious risk highly likely to result in harm to plaintiffs, and did so with conscious indifference as to the outcome, plaintiffs' amended cause for gross negligence is not viable (*see Maltese v Westinghouse Elec. Corp.*, 89 NY2d 955, 956-957 [1997]). Moreover, inasmuch as plaintiffs' claim for gross negligence arises from defendant's alleged failure to make repairs required by a proprietary lease, it is duplicative of and thus barred by their claim for breach of the lease (*see Wapnick v Seven Park Ave. Corp.*, 240 AD2d 245 [1997]). Plaintiffs' amended claim for intentional infliction of emotional distress, like their original claim, was deficient for want of factual allegations of extreme and outrageous conduct by defendant (*see Graupner v Roth*, 293 AD2d 408 [2002]), and their amended claim for breach of the covenant of good faith and fair dealing, like the amended claim for gross negligence, should have been rejected as duplicative of their breach of contract claim (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 319-320 [1995]).

Contrary to defendant's contention, plaintiffs' breach of contract claim is sufficient to withstand the very limited scrutiny to which it is subject at this early stage in the litigation. Although defendant maintains that plaintiffs have sustained no damages attributable to the various alleged breaches of the propriety lease, damages may be inferred from plaintiffs' factual allegations respecting severe and unabated leaks in the roof above their apartment.

Also properly permitted were plaintiffs' claims for injunctive relief respecting defendant's alleged plans for a roof garden and construction of a rooftop chimney. It is sufficiently alleged that defendant has proposed these projects simply to harass plaintiffs in the enjoyment of their penthouse unit and that they would cause plaintiffs irreparable harm. Plaintiffs' claims for injunctive relief respecting a host of relatively minor alleged deficiencies in the common areas of the building that have no special impact upon them, as opposed to the other cooperative shareholders, however, should not have been allowed. Defendant's decisions as to these matters are insulated by the business judgment rule.

Finally, inasmuch as the settlement agreement respecting charges arising in connection with damage to the apartment below that of plaintiffs appears ambiguous, it was proper to

permit plaintiffs to seek a declaration as to their obligations thereunder. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Rosenberger and Lerner, JJ.