■ In the Matter of ROBIN VICTORIA P., a Child Alleged to be Permanently Neglected. JOY P.C.B., Appellant; JEWISH CHILD CARE ASSOCIATION, Respondent. [824 NYS2d 81]—

Order of disposition, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about September 28, 2004, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child, and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously modified, on the law, to delete the finding of permanent neglect and substitute therefor a finding of mental illness, and otherwise affirmed, without costs.

Petitioner met its burden of proving by clear and convincing evidence that respondent, by reason of mental illness, is presently and for the foreseeable future unable to provide proper and adequate care for her children (*see* Social Services Law § 384-b [4] [c]; *Matter of Hime Y.*, 52 NY2d 242, 247 [1981]). The testimony of its expert was unequivocal that respondent was so disturbed in her behavior, feeling, thinking and judgment that, if her child were returned to her custody, she would be in danger of becoming a neglected child (*see* Social Services Law § 384-b [6] [a]). Respondent's failure to recognize the connection between her drug abuse and her problems and the need for a change in her condition substantiates the expert's conclusion that respondent's condition was not likely to improve in the foreseeable future (*see Matter of Vera T.*, 80 AD2d 511 [1981], *affd* 55 NY2d 1028 [1982]).

It is apparent that despite the understanding of the parties and the hearing court that petitioner presented evidence to support its allegations of respondent's mental illness, and the court's finding that petitioner's case had been proven, the fact-finding order mistakenly recited petitioner's allegations that respondent permanently neglected the child. We therefore modify the order of disposition to reflect that the disposition is based upon a finding that the allegations of mental illness were proved by clear and convincing evidence (*see* CPLR 5019 [a]; *Shipkoski v Watch Case Factory Assoc.*, 292 AD2d 589, 590 [2002]; *cf. Garrick Aug Assoc. Store Leasing v Scali*, 278 AD2d 23 [2000]). Concur—Mazzarelli, J.P., Friedman, Sullivan, Catterson and Malone, JJ.