■ LEWIS F. SMITH et al., Plaintiffs, and ROBERT S. OAKS, Appellant, v GARY J. PALONE et al., Respondents. [860 NYS2d 361]—

Appeal from an order of the Supreme Court, Ontario County (John J. Ark, J.), entered June 13, 2007. The order denied the motion of plaintiff Robert S. Oaks to hold defendants in contempt.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Robert S. Oaks (plaintiff) appeals from an order denying his motion to hold defendants in contempt for failing to comply with the terms of a prior judgment. That prior judgment, which this Court modified in two respects not relevant to this appeal (*Smith v Palone*, 226 AD2d 1055 [1996]), prohibited defendants from, inter alia, using certain portions of their property located on Hayes Road for a race track and racing activities, including parking. Supreme Court properly determined that plaintiff failed to establish that defendants failed to comply with the terms of the prior judgment by allegedly allowing patrons of the race track to park on the shoulder of the road in question. "To sustain a civil contempt, a lawful judicial order [or judgment] expressing an unequivocal mandate must have been in effect and disobeyed" (*McCain v Dinkins*, 84 NY2d 216, 226 [1994]). Defendants do not own the shoulder of the road in question, and the prior judgment related to property owned by defendants. Indeed, the shoulder of the road is included in the roadway easement of the Town of Phelps, over which defendants did not exercise any control (*see generally* Town Law § 130 [7] [a]; Vehicle and Traffic Law § 1660 [a] [18]). We thus conclude that plaintiff failed to establish defendants' willful violation of the prior judgment (*see generally McCain*, 84 NY2d at 226). Present—Lunn, J.P., Fahey, Pine and Gorski, JJ.