6 Harbor Park Dr., LLC v Town of N. Hempstead (2018 NY Slip Op 01587)





6 Harbor Park Dr., LLC v Town of N. Hempstead


2018 NY Slip Op 01587


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2015-02656
2015-07537
 (Index No. 11639/10)

[*1]6 Harbor Park Drive, LLC, appellant, 
v
Town of North Hempstead, et al., respondents.


Parker Waichman LLP, Port Washington, NY (Jay L. T. Breakstone of counsel), for appellant.
Elizabeth D. Botwin, Town Attorney, Manhasset, NY (Lorienton N. A. Palmer and Brittney Russell of counsel), for respondent Town of North Hempstead.
Siler & Ingber, LLP, Mineola, NY (Maria Nanis of counsel), for respondent Incorporated Village of Flower Hill.
Patterson & Sciarrino, LLP, Bayside, NY (Nicholas J. Sciarrino of counsel), for respondents Woo Chang and Sook Chang.
Nicolini, Paradise, Ferretti & Sabella, PLLC, Mineola, NY (Joshua Stern of counsel), for respondent Angeles Portela.
Lewis Johs Avallone & Aviles, LLP, Islandia, NY (Stacey E. Gorny of counsel),
for respondents Manfred Demenus and Marita Demenus.



DECISION & ORDER
In a consolidated action for injunctive relief and to recover damages for injury to property, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bruno, J.), entered February 18, 2015, as granted the separate motions of the defendant Town of North Hempstead, the defendant Incorporated Village of Flower Hill, the defendants Woo Chang and Sook Chang, and the defendants Manfred Demenus and Marita Demenus for summary judgment dismissing the complaint insofar as asserted against each of them, granted that branch of the motion of the defendant Angeles Portela which was for summary judgment dismissing the complaint insofar as asserted against her except for so much of the cause of action alleging injury to property as was based upon an allegation concerning the placement of mulch, and denied the plaintiff's cross motions for summary judgment on the issue of liability against the defendants Woo Chang and Sook Chang, and the defendant Angeles Portela, and (2) from an order of the same court, entered May 27, 2015, which denied the plaintiff's motion for leave to amend the complaint to add a cause of action alleging that the defendants Woo Chang, Sook Chang, and Angeles Portela violated a restrictive covenant.
ORDERED that the order entered February 18, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that the order entered May 27, 2015, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.
The plaintiff owns real property in the Town of North Hempstead that was damaged by water and debris flowing down a steep slope at the rear of the property. That steep slope is part of a larger hill that continues uphill into the Incorporated Village of Flower Hill where the plaintiff's property is bordered by properties owned by Woo Chang and Sook Chang, Manfred Demenus and Marita Demenus, and Angeles Portela (hereinafter collectively the uphill defendants). Within the slope that forms the border of the plaintiff's property and the uphill defendants' properties is a drainage easement owned by the Village.
The plaintiff commenced actions, which were later consolidated, against the uphill defendants, the Town, and the Village, seeking injunctive relief and to recover damages for injury to property. The various defendants moved for summary judgment dismissing the complaint insofar as asserted against each of them, contending that they were not liable for the plaintiff's damages, and the plaintiff cross-moved for summary judgment on the issue of liability against the defendants Woo Chang, Sook Chang, and Angeles Portela. In an order dated February 18, 2015, the Supreme Court, inter alia, granted the separate motions of the Town, the Village, Woo Chang and Sook Chang, and Manfred Demenus and Marita Demenus for summary judgment dismissing the complaint insofar as asserted against each of them, and granted that branch of the motion of the defendant Angeles Portela which was for summary judgment dismissing the complaint insofar as asserted against her except for so much of the cause of action alleging injury to property as was based upon an allegation concerning the placement of mulch. Further, the court denied the plaintiff's cross motions for summary judgment on the issue of liability.
Following the Supreme Court's order deciding the various motions for summary judgment, the plaintiff moved to amend the complaint to include a cause of action against the defendants Angeles Portela, Woo Chang, and Sook Chang based upon restrictive covenants in their respective chains of title. By order entered May 27, 2015, the Supreme Court denied this motion. The plaintiff appeals from both orders.
A landowner will not be liable for damages to abutting property caused by the flow of surface water due to improvements to his or her land provided that the improvements were made in good faith to fit the property for some rational use, and that the water was not drained onto the other property by artificial means, such as pipes and ditches (see Kossoff v Rathgeb-Walsh, 3 NY2d 583, 589-590; Biaglow v Elite Prop. Holdings, LLC, 140 AD3d 814, 815). The defendants Woo Chang and Sook Chang and the defendants Manfred Demenus and Marita Demenus made prima facie showings of entitlement to judgment as a matter of law, and the plaintiff failed to raise a triable issue of fact as to whether artificial means were used to divert surface water from those defendants' properties onto the plaintiff's property, or whether the improvements to those defendants' properties were made in good faith. Accordingly, those defendants were entitled to summary judgment dismissing the complaint insofar as asserted against each of them. For the same reasons, the Supreme Court properly granted summary judgment to Angeles Portela dismissing the complaint insofar as asserted against her except for so much of the cause of action alleging injury to property as was based upon the allegation concerning the placement of mulch.
Further, the Supreme Court properly granted summary judgment to the Village because it made a prima facie showing of entitlement to judgment as a matter of law, and the plaintiff failed to raise a triable issue of fact, including as to whether the Village had ever utilized the easement that the plaintiff alleged gave rise to liability. Likewise, the court properly granted summary judgment to the Town because it made a prima facie showing of entitlement to judgment as a matter of law, and the plaintiff failed to raise a triable issue of fact, including as to whether the Town ever used or had a property interest in the easement owned by the Village (see Smith v Palone, 52 AD3d 1309, 1310).
For these same reasons, the Supreme Court properly denied the plaintiff's motions for summary judgment on the issue of liability.
The Supreme Court also properly denied the plaintiff's motion for leave to amend the complaint to add a cause of action against the defendants Woo Chang, Sook Chang, and Angeles Portela based on an alleged restrictive covenant (see Hanover Ins. Co. v Carley, 234 AD2d 268, 269; Reznick v Tanen, 162 AD2d 594; see also Baker v 16 Sutton Place Apt. Corp., 2 AD3d 119, 120).
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court