Greater Bright Light Home Care Servs., Inc. v Jeffries-El (2021 NY Slip Op 06158)





Greater Bright Light Home Care Servs., Inc. v Jeffries-El


2021 NY Slip Op 06158


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.


2018-00553
 (Index No. 27552/99)

[*1]Greater Bright Light Home Care Services, Inc., et al., plaintiffs, 
v
Joseph Jeffries-El, et al., defendants, El Equity Corporation, respondent, HSBC Bank USA, formerly known as Marine Midland Bank, appellant (and other titles).


Anthony DiPaolo, P.C., Queens Village, NY, for appellant.
Cordova & Schwartzman LLP, Garden City, NY (Jonathan B. Schwartzman and Debra L. Cordova of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant HSBC Bank USA, formerly known as Marine Midland Bank, appeals from an order of the Supreme Court, Kings County (Arthur M. Schack, J.), dated November 9, 2015. The order, insofar as appealed from, granted that branch of the motion of the defendant El Equity Corporation which was pursuant to CPLR 3025(b) for leave to amend its answer to assert cross claims alleging breach of contract and conversion against the defendant HSBC Bank USA, formerly known as Marine Midland Bank.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the motion of the defendant El Equity Corporation which was pursuant to CPLR 3025(b) for leave to amend its answer to assert cross claims alleging breach of contract and conversion against the defendant HSBC Bank USA, formerly known as Marine Midland Bank, is denied.
In or around August 1998, the plaintiff Greater Bright Light Home Care Services, Inc. (hereinafter GBL), allegedly entered into an agreement with the City of New York, acting through the Human Resources Administration, to provide home care services to certain Medicaid-eligible individuals (hereinafter the home care contract). For these services, GBL was paid by checks from the New York State Department of Health's Medicaid Management Information System (hereinafter MMIS). The home care contract required GBL to secure a $1.2 million line of credit to fund its operation. The defendant El Equity Corporation (hereinafter El Equity) allegedly agreed to extend the line of credit to GBL, and, in exchange, El Equity was entitled to a finance fee of $120,000 per year, or $10,000 per month.
El Equity, GBL, and Marine Midland Bank (hereinafter Marine) entered into an agreement dated March 5, 1999 (hereinafter the escrow agreement). Under the terms of the escrow agreement, Marine was required to receive and deposit the MMIS checks into an escrow account, and to disburse the funds in accordance with a formula set forth in the escrow agreement. In [*2]particular, Marine was required to disburse part of the MMIS funds into an account established by El Equity at Marine for the purpose of receiving its finance fee of $10,000 per month.
In 1999, GBL, together with the plaintiff Greater Bright Light Baptist Church, commenced this action against, among others, HSBC Bank USA, formerly known as Marine Midland Bank (hereinafter HSBC), and El Equity. The complaint alleged, inter alia, that El Equity never advanced the $1.2 million line of credit to GBL. El Equity asserted a cross claim against HSBC alleging aiding and abetting conversion, alleging that GBL had certain MMIS checks diverted from the escrow account, that HSBC had assisted GBL in setting up a new account to accept the diverted MMIS checks, and that HSBC accepted deposits of MMIS checks into the new account from GBL.
El Equity moved, inter alia, for summary judgment on its cross claim against HSBC. HSBC cross-moved for summary judgment dismissing the cross claim asserted against it. In an order dated October 29, 2014, the Supreme Court granted HSBC's cross motion for summary judgment dismissing the cross claim alleging aiding and abetting conversion asserted against it, and denied that branch of El Equity's motion which was for summary judgment on that cross claim. This Court, on a prior appeal, affirmed that order (see Greater Bright Light Home Care Servs., Inc. v Jeffries-El, 151 AD3d 818, 818).
Thereafter, El Equity moved, inter alia, pursuant to CPLR 3025(b) for leave to amend its answer to assert cross claims alleging breach of contract and conversion against HSBC. In the order appealed from, dated November 9, 2015, the Supreme Court, inter alia, granted that branch of El Equity's motion which was for leave to amend its answer to assert these cross claims against HSBC. HSBC appeals.
Motions pursuant to CPLR 3025(b) for leave to amend a pleading are addressed to the sound discretion of the court (see Hofstra Univ. v Nassau County, N.Y., 166 AD3d 861, 863). Such motions should be freely granted in the absence of prejudice or surprise resulting directly from delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit (see Wander v St. John's Univ., 163 AD3d 896, 896-897). Here, the instant action was commenced in 1999, and El Equity did not move for leave to amend its answer until 2015, after the Supreme Court had awarded summary judgment to HSBC dismissing the cross claim alleging aiding and abetting conversion based upon the same transactions, indicating that El Equity's contentions were without merit (see Reznick v Tanen, 162 AD2d 594). Under the circumstances, El Equity's belated assertion of new theories of liability did not warrant granting leave to amend its answer (see 6 Harbor Park Dr., LLC v Town of N. Hempstead, 159 AD3d 777, 779).
HINDS-RADIX, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court