371-381 PAS Assoc., LLC v Moss & Moss LLP (2025 NY Slip Op 02295)

371-381 PAS Assoc., LLC v Moss & Moss LLP

2025 NY Slip Op 02295

Decided on April 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 22, 2025

Before: Webber, J.P., Friedman, González, Shulman, Rosado, JJ. 

Index No. 650413/21, 595647/21|Appeal No. 4155|Case No. 2024-02570|

[*1]371-381 PAS Associates, LLC, Plaintiff-Respondent,
v
Moss & Moss LLP, Defendant-Respondent, The Harman Firm, LLP, et al., Defendants-Appellants.
The Harman Firm, LLP, Third-Party Plaintiff-Appellant,
v
John Moss, Third-Party Defendant-Respondent.

Herman Green, P.C., New York (Evan Richardson of counsel), for appellants.
Fox Rothchild LLP, New York (Joshua Kopelowitz of counsel), for 371-381 PAS Associates, LLC, respondent.
Moss & Moss, LLP, New York (John O.C. Moss of counsel), for Moss & Moss LLP and John Moss, respondents.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered March 13, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for a default judgment as against defendant Walker G. Harman, Jr. (Harman) and for summary judgment as against defendant The Harman Firm, LLP (the Harman Firm or the Firm), unanimously modified, on the law, to deny the motion for a default judgment and to direct Harman to serve an answer within 45 days of service of a copy of this order with notice of entry, and otherwise affirmed, without costs.
We reject Harman's assertion that service was defective because he was not served at his "actual place of business," as the record contains ample documentary proof that Harman held out the place of service as his business address (CPLR 308[2]; see Central City Brokerage Corp. v Acosta, 49 AD3d 455, 455 [1st Dept 2008]). Because plaintiffs served Harman at the Fifth Avenue address he maintained on file as an attorney with the Office of Court Administration at the time of service, he cannot disclaim that address as his actual place of business for purposes of service of process (see Tulino v Hiller, P.C., 202 AD3d 1132, 1337 [2d Dept 2022]). In addition, plaintiff submitted proof showing that on various lawyer advertising websites, Harman listed that same Fifth Avenue address as his place of business (CPLR 308[6]), and also used it on documents submitted to various courts. We also reject Harman's contention that he was entitled to a traverse hearing, as the process server's affidavit submitted by plaintiff constitutes prima facie evidence of proper service. In response to the affidavit, Harman offers only a conclusory averment that he never received the summons and complaint. This bald assertion does not sufficiently dispute the veracity or content of the affidavit.
Nonetheless, plaintiff was not entitled to a default judgment against Harman, as it failed to take any action for entry of the judgment within one year after Harman's default, instead commencing those proceedings approximately 18 months afterwards (CPLR 3215[c]; see Artcorp Inc. v Citirich Realty Corp., 140 AD3d 417, 417 [1st Dept 2016]). Thus, Supreme Court should have denied plaintiff's motion for a default judgment as untimely. Moreover, given "the strong public policy in favor of resolving cases on the merits" (Artcorp, 140 AD3d at 418), we direct Harman to serve his answer as provided above (see LaValle v Astoria Constr. & Paving Corp., 266 AD2d 28, 28 [1st Dept 1999]).
As to plaintiff's action as against the Harman Firm, Supreme Court properly granted the motion for summary judgment as against the Firm. We reject the Firm's contention that plaintiff failed to make a prima facie case that it had performed under the parties' lease because the Firm was locked out of its space after June 16, 2020. In fact, plaintiff changed the locks at the request of defendant Moss & Moss LLP, which, together with the Harman Firm, is [*2]defined as the "Tenant" under the lease. Plaintiff then delivered copies of the new keys to third-party defendant John Moss, a partner at Moss & Moss, per its standard operating procedure of dealing with the tenant representative under the lease. In any event, even assuming plaintiff should have given keys to the Harman Firm as well as to Moss & Moss, its failure to do so did not constructively evict the Harman Firm. On the contrary, the Harman Firm had already decided to leave the premises by February 2020, long before the locks were changed, and therefore none of the conditions alleged by the Harman Firm were the cause of its departure from the premises (see M.Y. Realty Corp. v Atlantic First Fin. Corp., 19 AD3d 156, 156 [1st Dept 2005]).
Nor was the Harman Firm actually evicted when plaintiff failed to give it the keys, as a security guard unlocked the office for the Firm's accountant after the locks were changed in June 2020. Thus, the Firm was not locked out of the office, as it actually had access to the office, albeit less convenient access, even after the locks were changed (see Cut-Outs, Inc. v Man Yun Real Estate Corp., 286 AD2d 258, 261 [1st Dept 2001], lv denied 100 NY2d 507 [2003]; see also New 24 W. 40th St. LLC v XE Capital Mgt., LLC, 104 AD3d 513, 514-515 [1st Dept 2013]).
The Harman Firm has abandoned its appeal from so much of the order as granted his motion for summary judgment dismissing the third-party complaint.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2025