(February 23, 1998)

■ HUGH AKINS et al., Respondents, v JIM BAKER et al., Appellants. [669 NYS2d 63] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated February 11, 1997, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Hugh Akins, who was delivering sheetrock to a construction site owned by the defendants, was injured while attempting to maneuver a piece of sheetrock through a doorway that was approximately 30 inches above the ground. The defendants had previously removed the steps leading to the doorway without replacing them.

To prevail under Labor Law § 241 (6), the plaintiff is required to establish a violation of an implementing regulation that sets forth a specific standard of conduct as opposed to a general reiteration of common-law principles (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 502-504). Contrary to the defendants' contentions, 12 NYCRR 23-1.7 (f) sets forth the specific standards of conduct required to support a Labor Law § 241 (6) cause of action (*see, Colucci v Equitable Life Assur. Socy.,* 218 AD2d 513, 515). The defendants' contention that the height differential was too minimal to invoke the regulation is without merit (*see, e.g., Norton v Bell & Sons,* 237 AD2d 928).

With regard to the plaintiffs' Labor Law § 200 (1) cause of

action, it is well settled that liability will attach to a landowner pursuant to that statute only when the injuries were sustained as the result of a dangerous condition at the work site, rather than as the result of the manner in which the work was performed (*see, Lombardi v Stout,* 80 NY2d 290; *Whitaker v Norman,* 146 AD2d 938, 939, *affd* 75 NY2d 779), and then only if the owner exercised supervision and control over the work performed at the site or had actual or constructive notice of the unsafe condition causing the accident (*see, Seaman v Chance Co.,* 197 AD2d 612, 613). Here, the appellants had actual notice of the alleged dangerous condition since they removed the steps in question. Although the manner in which the work was being performed may have contributed to the accident, it cannot be said as a matter of law that it was the sole proximate cause.

Accordingly, the Supreme Court properly denied the defendants' motion. Mangano, P. J., Joy, Altman and Luciano, JJ., concur.