■ JUNIOR P. ROSEMIN, Respondent, v ISAAC OVED et al., Appellants, et al., Defendant. (And Two Third-Party Actions.) [679 NYS2d 70] —In an action to recover damages for personal injuries, the defendants Isaac Oved, Ronnie Oved, and David Oved appeal from so much of an order of the Supreme Court, Kings County (Garry, J.), dated May 21, 1997, as denied those branches of their motion which were for summary judgment dismissing the plaintiff's Labor Law §§ 200 and 241 (6) and common-law negligence causes of action.

Ordered that the order is modified by deleting therefrom the provision which denied those branches of the appellants' motion which were for summary judgment on the plaintiff's Labor Law § 200 and common-law negligence causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was an employee of the appellants' subcontractor, which was hired to lay a foundation for a building. He was injured when he tripped and fell over a piece of wood at the construction site where he was preparing to pour the foundation.

The plaintiff failed to present sufficient evidence to raise a triable issue regarding the appellants' actual or constructive notice of the allegedly dangerous condition which caused his injury (see, Devodier v Haas, 173 AD2d 437), or that the appellants exercised supervisory control over the work performed by the plaintiff (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494; see also, Allen v Cloutier Constr. Corp., 44 NY2d 290). Therefore, the Supreme Court erred in denying summary judgment to the appellants on the common-law negligence and Labor Law § 200 causes of action.

Contrary to the appellants' further contention that the Supreme Court erred in denying that branch of their motion which was for summary judgment dismissing the cause of action based upon Labor Law § 241 (6), the evidence in the rec-

ord presents a question of fact as to whether the appellants had violated the section of the Industrial Code which requires that working areas must be kept free from accumulations of dirt, debris, tools, and materials insofar as may be consistent with the work performed (*see,* 12 NYCRR 23-1.7 [e] [2]; *Samiani v New York State Elec. & Gas Corp.,* 199 AD2d 796). Thus, the Supreme Court properly denied summary judgment on the Labor Law § 241 (6) cause of action. Copertino, J. P., Santucci, Goldstein and Luciano, JJ., concur.