■ BENJAMIN CUARTAS, Respondent, v TOMIS KOURKOUME-LIS, Appellant, et al., Defendant. (And Third-Party Actions.) [696 NYS2d 475] —In an action to recover damages for personal injuries, the defendant Tomis Kourkoumelis appeals from so much of an order of the Supreme Court, Queens County (Golia, J.), dated August 13, 1998, as denied those branches of his cross motion which were for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law § 200 and common-law negligence insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint is dismissed in its entirety insofar as asserted against the defendant Tomis Kourkoumelis, and the action against the remaining defendant is severed.

The plaintiff was injured at a construction site on property owned by the defendant Tomis Kourkoumelis when a manhole cover to a retention tank, which the plaintiff and a co-worker were attempting to open with a crowbar, fell on the plaintiff's foot. The plaintiff alleges that, prior to the date of the accident, Kourkoumelis directed him to go down to the retention tank, "lift up the covering and * * * clean whatever debris or garbage [that] was in there". The Supreme Court found that issues of fact existed with regard to the degree of supervision and control Kourkoumelis exercised over the plaintiff's work and accordingly denied those branches of Kourkoumelis's cross motion which were for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law § 200 and common-law negligence. We reverse.

A landowner will be liable for violation of Labor Law § 200 and common-law negligence when the injuries complained of are caused by a dangerous condition at a work site only if the owner exercised supervision and control over the work performed at the site or had actual or constructive notice of the dangerous condition (*see, Giambalvo v Chemical Bank,* 260

AD2d 432; *Rosemin v Oved,* 254 AD2d 343; *Akins v Baker,* 247 AD2d 562). Additionally, for liability to be imposed, the owner must direct and control the manner in which the work is performed, not merely possess general supervisory authority (*see, Haghighi v Bailer,* 240 AD2d 368; *Greenwood v Shearson, Lehman & Hutton,* 238 AD2d 311; *Merkle v Weibrecht,* 234 AD2d 696).

There is no evidence that the manhole cover was in a dangerous or defective condition as it existed at the work site. Moreover, Kourkoumelis's instruction to the plaintiff does not demonstrate that he exercised direction or control over the manner in which the plaintiff performed the assigned task. Indeed, the record reveals that it was the plaintiff's independent decision to use a crowbar to open the manhole cover. Ritter, J. P., Thompson, Feuerstein and Smith, JJ., concur.