■ Domenick DeRosa, Appellant, v Union Square 14th Street Associates et al., Defendants and Third-Party Plaintiffs-Respondents, and Integrated Resources, Inc., et al., Respondents. Fujitec America, Inc., et al., Third-Party Defendants-Respondents. (And a Second Third-Party Action.) [703 NYS2d 243] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated May 15, 1998, as granted those branches of the respective motions of the defendants and the fourth-party defendant which were for summary judgment dismissing so much of the complaint as sought to recover damages for violation of Labor Law § 200 or for common-law negligence.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly determined that the proponents of the respective motions for summary judgment demonstrated that they did not have actual or constructive notice of the allegedly defective condition which caused the plaintiff's injuries. The court also properly determined that with the exception of the fourth-party defendant, the movants did not exercise supervision or control over the plaintiff's work. Although the fourth-party defendant supervised the plaintiff's work, it had

no control over the allegedly dangerous condition (*see, Cuartas v Kourkoumelis,* 265 AD2d 293; *Giambalvo v Chemical Bank,* 260 AD2d 432; *Rosemin v Oved,* 254 AD2d 343; *Akins v Baker,* 247 AD2d 562). The plaintiff failed to present sufficient evidence to raise a triable issue regarding these issues. Accordingly, those branches of the respective motions of the defendants and the fourth-party defendant which were for summary judgment dismissing so much of the complaint as sought to recover damages for violation of Labor Law § 200 or for common-law negligence were properly granted.

The plaintiff's remaining contentions are without merit. Mangano, P. J., Bracken, Joy and H. Miller, JJ., concur.