■ CHARLENE STEWART, Individually and as Éxecutor of the Estate of JOHN STEWART, Deceased, Respondent-Appellant, v STATE OF NEW YORK et al., Appellants-Respondents. (Claim No. 89729.) [713 NYS2d 78] —In a claim to recover damages for personal injuries and wrongful death, etc., the defendants appeal from so much of an order of the Court of Claims (O'Rourke, J.), dated June 16, 1999, as denied those branches of their motion which were for summary judgment dismissing the claims based on alleged violations of Labor Law §§ 200 and 241 (6), and the claimant cross-appeals from so much of the same order as granted that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 240 claim and denied her cross motion for summary judgment on the claim.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendants' contentions, the fatal injuries suffered by the claimant's decedent fall within the purview of Labor Law § 241 (6) (see, Mosher v State of New York, 80 NY2d 286; cf., Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 577). However, the court properly denied summary judgment in favor of the claimant inasmuch as there are triable issues of fact regarding the defendants' liability under that provision (see, Zimmer v Chemung County Performing Arts, 65 NY2d 513, 522). Further, the court correctly concluded that summary judgment was premature with respect to the claimant's Labor Law § 200 cause of action (see, Akins v Baker, 247 AD2d 562, 563).

Dismissal of the Labor Law § 240 claim was proper, since the accident which caused the fatal injuries sustained by the claimant's decedent was unrelated to the application of the force of gravity to a person or an object and was in no way caused by the failure to furnish or use protective equipment (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). Bracken, J. P., O'Brien, Thompson and Smith, JJ., concur.