■ ANTHONY LARA et al., Respondents, v SAINT JOHN'S UNIVERSITY, Appellant. (And a Related Action.) [735 NYS2d 578] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated October 4, 2000, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

A landowner may be held liable for a violation of Labor Law § 200 or in common-law negligence for injuries allegedly suffered by a worker due to a defective condition on its premises if it had actual or constructive notice of the condition or exercised supervision or control over the work being performed (see, Cuartas v Kourkoumelis, 265 AD2d 293).

The defendant's motion for summary judgment dismissing the complaint should have been granted. The defendant made a prima facie showing of its entitlement to judgment as a matter of law. In opposition, the plaintiffs failed to raise a triable issue of fact (see, Zuckerman v City of New York, 49 NY2d 557). The plaintiffs failed to identify in their pleadings or in deposition testimony any defective condition in either the oil tank or the adjoining area where the accident occurred. While the injured plaintiff's affidavit submitted in opposition to the defendant's motion asserted that the accident was caused by a defective ventilation system, this claim was unsubstantiated and conclusory. Moreover, the affidavit was carefully tailored to raise a triable issue of fact, and merely raised a feigned factual issue which was insufficient to defeat the motion for summary judgment (see, Wright v South Nassau Communities Hosp., 254 AD2d 277; Garvin v Rosenberg, 204 AD2d 388). In any event, even if the plaintiffs did raise an issue of fact as to whether the ventilation system was defective, they failed to rebut the defendant's prima facie showing that it had neither actual nor constructive notice of the purported defect, and that it did not supervise or control the injured plaintiff's work (see, Cuartas v Kourkoumelis, supra). Florio, J. P., McGinity, Luciano and Schmidt, JJ., concur.