■ STUART ROSENBERG, as Executor of BARRY ROSENBERG, Deceased, Appellant, v ETERNAL MEMORIALS, INC., Defendant and Third-Party Plaintiff-Respondent. EVER-READY MONUMENT SETTERS, INC., Third-Party Defendant-Respondent. (Action No. 1.) EDWARD WHEAT, Appellant, v ETERNAL MEMORIALS, INC., Respondent, et al., Defendants. (Action No. 2.) [737 NYS2d 632] —In two related actions to recover damages for personal injuries and wrongful death, Stuart Rosenberg, executor of the estate of Barry Rosenberg, the plaintiff in Action No. 1, and Edward Wheat, the plaintiff in Action No. 2, separately appeal from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated October 19, 2000, which granted the motion of Eternal Memorials, Inc., the defendant third-party plaintiff in Action No. 1 and a defendant in Action No. 2, for summary judgment dismissing the complaints insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The decedent of the plaintiff in Action No. 1 was electrocuted, and Edward Wheat, the plaintiff in Action No. 2, was injured, when the extendable boom they were operating came in contact with a power line. The power line was approximately 28 feet above the property of Eternal Memorials, Inc. (hereinafter Memorials), the defendant third-party plaintiff in Action No. 1 and a defendant in Action No. 2. The plaintiff's decedent and Wheat were using the boom to move gravestones. The plaintiff, who is the executor of the decedent's estate, and Wheat commenced separate actions against Memorials, which were later consolidated.

It is well settled that a landowner has a duty to provide workers with a reasonably safe place to work (*see, Lombardi v Stout,* 80 NY2d 290, 294). In accordance with this common-law duty, which has been codified by Labor Law § 200, "liability will attach to a landowner * * * only when the injuries were sustained as the result of a dangerous condition at the work site * * * and then only if the owner exercised supervision and control over the work performed at the site or had actual or

constructive notice of the unsafe condition causing the accident" (*Akins v Baker,* 247 AD2d 562, 563). "Where the alleged dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches" (*Yong Ju Kim v Herbert Constr. Co.,* 275 AD2d 709, 712).

Memorials is not liable because it did not exercise supervisory control over the work performed, nor did it have actual or constructive notice of any dangerous condition (*see, Akins v Baker, supra; Yong Ju Kim v Herbert Constr. Co., supra*). Santucci, J.P., Feuerstein, Goldstein and Schmidt, JJ., concur.