■ PHILLIP SEABORN, Appellant, v LYNDON CORP., Respondent, et al., Defendant. [753 NYS2d 119] —In an action to recover

damages for personal injuries, the plaintiff appeals from so much of (1) an order of the Supreme Court, Orange County (Peter C. Patsalos, J.) dated April 1, 2002, as granted that branch of the motion of the defendant Lyndon Corp. which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court entered April 18, 2002, which, upon the order, dismissed the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent payable by the appellant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff, Phillip Seaborn, allegedly was injured in a construction site accident at premises owned by the defendant Lyndon Corp. (hereinafter Lyndon). The defendant Ron Jon Homes, Inc., was the general contractor performing the construction work on a two-family home under construction. The plaintiff was unloading building materials at the time of his accident. The plaintiff claims that he tripped and fell over a piece of wood which was lying on the ground. The plaintiff commenced this action against the defendants alleging, inter alia, causes of action sounding in common-law negligence and violations of Labor Law § 200.

After Lyndon made out a prima facie case for summary judgment, the plaintiff failed to present sufficient evidence to raise a triable issue of fact that it had actual or constructive notice of the allegedly dangerous condition, or it had directed or controlled the plaintiff's work in unloading the building materials, or exercised any supervisory control over the subcontractors who allegedly created the unsafe condition which caused the accident (*see Rosemin v Oved,* 254 AD2d 343; *Mas v Kohen,* 283 AD2d 616; *Cuartas v Kourkoumelis,* 265 AD2d 293). Thus, the Supreme Court properly granted that branch of Lyndon's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Altman, J.P., S. Miller, Adams and Mastro, JJ., concur.