■ MICHAEL PARISI, Appellant, v LOEWEN DEVELOPMENT OF WAPPINGER FALLS, LP, Defendant, and HOWARD LOEWENTHEIL, INC., Respondent. (And a Third-Party Action.) [774 NYS2d 747]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered November 27, 2002, which granted the motion of the defendant Howard Loewentheil, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff injured his left hand while disassembling a crane at a construction site where the defendant Howard Loewentheil, Inc. (hereinafter Loewentheil), was the general contractor. The plaintiff commenced this action against several parties, including Loewentheil, alleging violations of Labor Law §§ 200 and 241 (6). Thereafter, Loewentheil moved for summary judgment dismissing the complaint insofar as asserted against it.

The Supreme Court correctly granted Loewentheil's motion for summary judgment dismissing the plaintiff's Labor Law § 200 claim insofar as asserted against it. "To establish liability against an owner or general contractor pursuant to Labor Law § 200, it must be established that the owner or general contractor exercised supervision and control over the work performed at the site, or had actual or constructive notice of the allegedly unsafe condition" (*Dennis v City of New York*, 304 AD2d 611, 612 [2003]; *see Lara v Saint John's Univ.*, 289 AD2d 457 [2001]; *Cuartas v Kourkoumelis*, 265 AD2d 293, 294 [1999]). Additionally, for liability to be imposed, the owner or general contractor must have directed and controlled the manner in which the work was performed, not merely possessed general supervisory authority (*see Dennis v City of New York, supra; Cuartas v Kourkoumelis, supra*). As to the plaintiff's Labor Law § 200 claim, Loewentheil established its prima facie entitlement to judgment as a matter of law by demonstrating it had neither direct control and supervision over the disassembling of the crane, nor notice of the alleged dangerous condition. In opposition, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court also correctly granted Loewentheil's motion for summary judgment dismissing the plaintiff's Labor

Law § 241 (6) claim insofar as asserted against it. To prevail under Labor Law § 241 (6), a plaintiff must establish the violation of an Industrial Code provision which sets forth a specific standard of conduct (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501-505 [1993]; *Akins v Baker,* 247 AD2d 562 [1998]; *Vernieri v Empire Realty Co.,* 219 AD2d 593, 597 [1995]). Loewentheil established its prima facie entitlement to summary judgment as a matter of law dismissing the plaintiff's Labor Law § 241 (6) claim insofar as asserted against it by demonstrating that the Industrial Code provision on which the claim was premised was inapplicable to the facts of this case. In opposition, the plaintiff failed to raise a triable issue of fact. S. Miller, J.P., Luciano, Adams and Townes, JJ., concur.