■ Orazio Pensabene, Jr., et al., Appellants, v San Francisco Construction Management, Inc., et al., Respondents, et al., Defendant. (And Third-Party Actions.) [812 NYS2d 624]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Richmond County (Mega, J.), dated May 6, 2004, as, in effect, granted the separate motions of the defendants T&D Transportation, Inc., and Various Technology, Inc., for summary judgment dismissing the complaint and

all cross claims insofar as asserted against them, and (2) an order of the Supreme Court, Richmond County (Gigante, J.), dated August 18, 2004, as granted that branch of the motion of the defendants San Francisco Construction Management, Inc., individually and doing business as O'Brien-Kreitzberg Associates, Inc., O'Brien-Kreitzberg & Associates, Inc., and O'Brien-Kreitzberg, Inc., which was for summary judgment dismissing the cause of action to recover damages for violation of Labor Law § 200 insofar as asserted against them.

Ordered that the order dated May 6, 2004 is reversed insofar as appealed from, on the law, the separate motions of the defendants T&D Transportation, Inc., and Various Technology, Inc., are denied, and the complaint and all cross claims are reinstated insofar as asserted against those defendants; and it is further,

Ordered that the order dated August 18, 2004 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs payable by the defendants T&D Transportation, Inc., and Various Technology, Inc., and one bill of costs is awarded to the defendants San Francisco Construction Management, Inc., individually and doing business as O'Brien-Kreitzberg Associates, Inc., O'Brien-Kreitzberg & Associates, Inc., and O'Brien-Kreitzberg, Inc., payable by the plaintiffs.

The plaintiff Orazio Pensabene, Jr. (hereinafter the injured plaintiff), was injured when he fell out of a trailer while unloading a shipment of polyethylene or plastic PVC pipes. At the time of his fall, the injured plaintiff was standing on several loose pipes inside the trailer. The shipment of piping originated from the defendant Various Technology, Inc. (hereinafter Vari-Tec), a distributor. Vari-Tec prepared the shipment for delivery by a tractor-trailer owned and operated by the defendant T&D Transportation, Inc. (hereinafter T&D). Under instructions from a T&D employee, a Vari-Tec employee loaded the shipment into the trailer. T&D transported the shipment to the work site.

T&D and Vari-Tec separately moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. The Supreme Court granted these motions on the ground that the injured plaintiff's conduct—standing on loose pipes during the unloading operation—was a superseding cause of his injuries. Thereafter, the defendants San Francisco Construction Management, Inc., individually and doing business as O'Brien-Kreitzberg Associates, Inc., O'Brien-Kreitzberg & Associates, Inc., and O'Brien-Kreitzberg, Inc. (hereinafter collectively the O'Brien-Kreitzberg defendants), moved for sum-

mary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted this motion as well, inter alia, on the ground that the O'Brien-Kreitzberg defendants lacked the authority to supervise or control the injury-producing activity.

Vari-Tec and T&D failed to establish prima facie their entitlement to judgment as a matter of law by showing that the injured plaintiff's actions were a superseding cause absolving them from liability (*see Kriz v Schum,* 75 NY2d 25, 36 [1989]; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 316 [1980]). Triable issues of fact exist as to whether it was foreseeable that the injured plaintiff would attempt to unload the piping by standing within the trailer and whether the piping had shifted during transport as a result of the allegedly faulty loading and delivery methods Vari-Tec and T&D employed (*see Dumbadze v Schwatt,* 291 AD2d 529 [2002]; *Jackson v New York City Hous. Auth.,* 214 AD2d 605, 606-607 [1995]; *McCann v City of New York,* 205 AD2d 668, 669 [1994]; *Shutak v Handler,* 190 AD2d 345, 347-348 [1993]).

The O'Brien-Kreitzberg defendants, on the other hand, met their burden of establishing prima facie that they did not exercise any supervisory control over the injured plaintiff's activities at the time of the accident so as to be liable under Labor Law § 200 (*see Paciente v MBG Dev.,* 276 AD2d 761 [2000]). In opposition to the O'Brien-Kreitzberg defendants' motion for summary judgment, the plaintiffs failed to raise any triable issue regarding the O'Brien-Kreitzberg defendants' supervision or control of the injured plaintiff's work in unloading the pipes (*see Rosemin v Oved,* 254 AD2d 343 [1998]; *Mas v Kohen,* 283 AD2d 616, 617 [2001]; *Cuartas v Kourkoumelis,* 265 AD2d 293, 294 [1999]). The fact that the O'Brien-Kreitzberg defendants exercised some general supervisory duties at the work site was insufficient to raise a triable issue as to whether it exercised the type of supervision or control over the injured plaintiff's activities necessary to hold them liable for his injuries (*see Mas v Kohen, supra*).

Accordingly, the Supreme Court erred in granting the motions of T&D and Vari-Tec for summary judgment but correctly granted that branch of the O'Brien-Kreitzberg defendants' motion which was for summary judgment dismissing the cause of action to recover damages for violation of Labor Law § 200 insofar as asserted against them. Schmidt, J.P., Crane, Rivera and Spolzino, JJ., concur.