■ DONALD HAINES, Appellant, v DICK'S CONCRETE CO., INC., et al., Respondents. [922 NYS2d 514]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Orange County (Lubell, J.), dated September 29, 2009, which granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the issue of liability on the causes of action pursuant to Labor Law § 240 (1); § 241 (6) and (2), as limited by his brief, from so much of an order of the same court dated June 3, 2010, as denied that branch of his motion which was for leave to reargue and, upon renewal, adhered to its original determination.

Ordered that the appeal from the order dated September 29, 2009, is dismissed, as that order was superseded by the order dated June 3, 2010; and it is further,

Ordered that the appeal from so much of the order dated June 3, 2010, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated June 3, 2010, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff, a truck driver, alleges that he fell in the parking lot of the premises owned by the defendant PJ Quarry, Inc. (hereinafter PJ Quarry), and operated by the defendant Dick's Concrete Co., Inc. (hereinafter Dick's Concrete), while removing a set of tarps attached to a load of masonry materials on the back of the plaintiff's employer's flatbed truck. Dick's Concrete was involved in the manufacture and sale of various masonry supplies and materials and used the subject premises for these purposes. The plaintiff alleges that he fell while standing on top of the preloaded masonry cargo and tarp, which allegedly were wet due to drizzly conditions, and landed on the ground approximately 12 feet below.

The plaintiff commenced this action against the defendants PJ Quarry Inc., and Dick's Concrete (hereinafter together the defendants), to recover damages for violations of Labor Law § 240 (1); § 241 (6) and § 200, and to recover damages for common-law negligence. The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability on his causes of action alleging violations of Labor Law § 240 (1) and § 241 (6). The Supreme Court granted the defendants' motion and denied the plaintiff's cross motion. Subsequently, upon renewal, the Supreme Court adhered to its original determination.

The Supreme Court properly determined that the defendants were entitled to summary judgment dismissing the plaintiff's causes of action predicated upon Labor Law § 200 and common-law negligence. To be held liable where, as here, the accident in question arose from the manner in which the work was being performed, it must be shown that the "party to be charged had the authority to supervise or control the performance of the work" (*Ortega v Puccia*, 57 AD3d 54, 61 [2008]). Here, the defendants established, prima facie, that they did not have the authority to supervise or control the performance of the plaintiff's work (*id.* at 62-63; *see Pensabene v San Francisco*

*Constr. Mgt., Inc.*, 27 AD3d 709 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court also properly determined that the defendants were entitled to summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6). The plaintiff was not delivering the masonry materials to a construction site; rather, he was delivering them from a supplier to a vendor. Therefore, the plaintiff's work is not a covered activity under either of those sections (*see* Labor Law § 240 [1]; § 241 [6]; *see also Jock v Fien*, 80 NY2d 965 [1992]; *cf. Ford v HRH Constr. Corp.*, 41 AD3d 639 [2007]). The plaintiff's alternative argument that the "structure" he was "altering" at the time of the accident was the flatbed truck fails to bring his activities within the ambit of those sections of the Labor Law (*see* Labor Law § 240 [1]; § 241 [6]; *see also Hutchins v Finch, Pruyn & Co.*, 267 AD2d 809 [1999]; *Vincent v Dresser Indus.*, 172 AD2d 1033 [1991]; *cf. Moore v Shulman*, 259 AD2d 975 [1999]).

The plaintiff's remaining contentions are either without merit or need not be reached in light of our determination. Rivera, J.P., Dickerson, Belen and Hall, JJ., concur.