**Maddlx v William Paley Found., Inc.**

2025 NY Slip Op 30846(U)

March 17, 2025

Supreme Court, New York County

Docket Number: Index No. 155441/2021

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | HON. LISA S. HEADLEY | PART | 28 |
|---|---|---|---|
| | *Justice* | | |

-----------------------------------------------------------------X

PAUL MADDIX,

                        Plaintiff,

                - v -

WILLIAM PALEY FOUNDATION, INC.,BLADE
CONTRACTING, INC.,BLADE GENERAL CONTRACTING,
INC.,WLA ENGINEERING, P.C.

                        Defendant.

-----------------------------------------------------------------X

| INDEX NO. | 155441/2021 |
|---|---|
| MOTION DATE | 10/09/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 75, 77, 82, 83, 84, 86

were read on this motion to/for            _____JUDGMENT - SUMMARY_____ .

      Plaintiff, Paul Maddix ("plaintiff"), commenced this action to recover damages for injuries he allegedly sustained while working at the construction site located at 1 East 53rd Street, New York, NY 10022 ("subject premises") owned by defendant William Paley Foundation, Inc. ("William Paley"). William Paley retained the co-defendants, Blade Contracting Inc. and Blade General Contracting Inc. ("the Blade defendants") as the general contractor on the construction project.

      Before the Court is the movant-defendant William Paley's motion for summary judgment, pursuant to *CPLR §3212*, to dismiss the portion of the plaintiff's complaint based on general negligence and violations of *Labor Law §200* causes of actions. (*See, NYSCEF Doc. No. 57 - 68*). In addition, defendant William Paley seeks summary judgment as against the Blade defendants on the crossclaims for contractual indemnification and breach of contract for failure to procure insurance. *(NYSCEF Doc. Nos. 57-86).* The Blade defendants filed opposition to the motion. *(See, NYSCEF Doc. No. 82).* Plaintiff also filed opposition to the motion. (*See, NYSCEF Doc. No. 83).* William Paley filed a reply. (*See, NYSCEF Doc. No. 86).*

      "It is well settled that the proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact." *Pullman v. Silverman*, 28 N.Y.3d 1060, 1062 (2016), *Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 (1986). "Failure to make such showing requires denial of the motion regardless of the sufficiency of the opposing papers." *Winegard v. New York Univ. Med. Ctr.*, 64 N.Y.2d 851, 853 (1985) (*internal citations omitted).* "On a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." *CPLR § 3212.* "Once such *prima facie* showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." *Cabrera v. Rodriquez*, 72 A.D.3d 553, 553-554 (1st Dep't 2010).

155441/2021 MADDIX, PAUL vs. WILLIAM PALEY FOUNDATION, INC. ET AL
Motion No. 003

Page 1 of 4

1 of 4

## Negligence and Labor Law §200

In support of the motion, defendant William Paley argues, *inter alia*, that there was no dangerous or defective condition within the office space that would trigger liability under *Labor Law §200* or common law negligence because "this accident arose out of the means, manner and method of Blade's work." (*See, NYSCEF Doc. No. 58*). Therefore, William Paley submits that the plaintiff must establish that William Paley directed and controlled the plaintiff's injury producing work. *Id.*

In opposition, the Blade defendants argue, *inter alia*, that even though William Paley or its representatives were not on the construction site, New York law holds the owner liable for the acts or omissions of its statutory agent. (*See, NYSCEF Doc. No. 82*). William Paley, in care of Newmark Grubb Knight Frank, executed a contract dated July 20, 2017, with Blade Contracting, Inc. (*See, NYSCEF Doc. No. 63*). The Blade defendants argue that Newmark is William Paley's statutory agent for labor law purposes. (*NYSCEF Doc. No 44 at 13:3-14:1*). The Blade defendants argue Blade's employees could not perform their work without Newmark's building manager, who provided guidance and assistance in transporting the stones from where they were stored in the basement up to the tenth floor. (*NYSCEF Doc. No. 42 at 40:13-17*). In addition, the Blade defendants argue they lacked the ability to control the means and methods of the work since they needed to follow the building manager's directions to avoid interfering with the building's tenants. Therefore, the Blade defendant's position is that Blade's employees could only perform work with the direct assistance of William Paley and/or its statutory agent, Newmark. (*See, NYSCEF Doc. No. 82*)

In opposition, plaintiff argues, *inter alia*, that defendant William Paley, through its agents and employees, exercised supervisory control over the construction work. Plaintiff testified that Blade employees, "got the instruction from the building, the supervisor the maintenance guy in the building (*sic*)." (*See, NYSCEF Doc. No. 64 and 83*). Plaintiff also testified that no one from the building provided him with equipment or directed his work. (*NYSCEF Doc. No. 65 at Exhibit "G" page 98*). Plaintiff asserts that Blade's supervisor, Curtis Sloley, testified that all safety equipment, tools and instructions as to technique and performance of the work were given "exclusively by Blade employees." (*Exhibit "J" pages 76 - 77 NYSCEF Doc. No. 68*). Plaintiff testified that William Paley's employee or agent instructed and assisted the plaintiff and his co-workers to remove a chair and a desk to clear the way for the workers to access the window. (*NYSCEF Doc. No. 64 at Exhibit "F" page 40-41*). Further, the plaintiff claims the defendant's motion must be denied because there are issues regarding whether the common-law negligence claim and the violation of *Labor Law §200* apply in this case given that the subject accident involves both a hazardous condition and issues related to the means and methods of work. (*See, NYSCEF Doc. No. 83*).

*Labor Law §200* claims arise from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed. *N.Y. Labor Law §200*. Under *Labor Law §200*, it is the general duty of owners and contractors to make certain all equipment, machinery, and devices are positioned, operated, and guarded in a secure manner. *Id.*

155441/2021   MADDIX, PAUL vs. WILLIAM PALEY FOUNDATION, INC. ET AL
Motion No. 003

Page 2 of 4

[* 2]

"For an owner to be held liable for common-law negligence or pursuant to *Labor Law §200*, a plaintiff must show that the owner supervised or controlled the work or had actual or constructive notice of the unsafe condition causing the accident." *Cuartas v. Kourkoumelis*, 265 A.D.2d 293, 696 N.Y.S.2d 475 (1999).

Here, the Court finds that Defendant William Paley has failed to establish its *prima facie* entitlement to summary judgment as a matter of law. Specifically, the evidence submitted indicates a triable issue as to whether the owner, defendant William Paley, exercised the requisite control over the means and methods by which the work was carried out and whether the defendant breached its common law duty to provide the plaintiff with safe working conditions. Accordingly, the Court denies the branch of Defendant William Paley's motion for summary judgment dismissing the plaintiff's claims alleging common-law negligence and a violation of *Labor Law §200*.

### Contractual Indemnification Claim

In the motion, defendant William Paley contends that there is a contract executed between the owner, William Paley, and contractor, the Blade defendants, which includes an indemnification clause. (*See, NYSCEF Doc. No. 63 at § 5.1.11 - 12*). Defendant William Paley argues that the deposition testimony of the parties "unequivocally demonstrates that the plaintiff's injuries arose out of Blade's work." According to William Paley, pursuant to the indemnification clause, the Blade defendants agreed to indemnify and hold harmless the defendant William Paley, among others, from claims that might arise from work that causes bodily injury or property damage, when such harm results from the negligence of the Blade defendants or their subcontractors—even if the Owner is partly at fault. *(See, NYSCEF Doc. No. 58)*. Therefore, defendant William Paley argues that it is entitled to summary judgment on its contractual indemnity claim.

In opposition, the Blade defendants assert that under New York law, a party seeking contractual indemnity needs only to prove that it was free from negligence and held liable solely by statutory mandate. The Blade defendants further argue that since the defendant William Paley has not established that it is free from negligence, the Court should deny its motion for summary judgment on its indemnification claim. The Blade defendants also argue that there are issues of facts regarding the defendant William Paley's direction and control over the work performed, and therefore, the defendant-owner is not entitled to summary judgment.

In the moving papers, the defendant William Paley cites to an indemnification clause that does not appear in the contract executed between the owner and contractor, annexed as *Exhibit E*. (*See NYSCEF Doc No. 58 at ¶ 20 and NYSCEF Doc. No. 63*). Here, there is an ambiguity as to the existence of an indemnity clause in effect, specifically at the time of the accident, between defendant William Paley and the Blade defendants. As such, the defendant William Paley's motion application for summary judgment as to contractual indemnification against the Blade defendant is denied.

### Breach of Contract for Failure to Procure Insurance

Lastly, in the motion, defendant William Paley argues, *inter alia*, that their contract with the Blade defendants required the Blade defendants to procure insurance for their work and include

155441/2021 MADDIX, PAUL vs. WILLIAM PALEY FOUNDATION, INC. ET AL
Motion No. 003

Page 3 of 4

[* 3]

the William Paley Foundation as an additional insured party. (*See, NYSCEF Doc. No. 58*). Specifically, defendant William Paley submits that the contract expressly requires, *inter alia*, the contractor to obtain insurance from an authorized provider to cover claims arising from its operations, including those caused by the contractor's negligent acts or omissions [.] *Id.* Thus, the defendant contends that the Blade defendants breached the contract and have failed to fulfill their obligation to obtain the required insurance and name William Paley Foundation as an additional insured, thus William Paley is entitled to damages.

In opposition, the Blade defendants argue, *inter alia,* that defendant William Paley excluded this purported contractual requirement from the contract, and the General Conditions were not annexed to the parties' negotiated and executed Contract. (*See, NYSCEF Doc. No. 82*). The Blade defendants contend that that the requirement to provide insurance is found solely in the General Conditions, which are incorporated by reference into the contract.

This Court finds that the insurance clause referenced in paragraph 33 of defendant William Paley's affirmation in support does not appear in the contract referenced by defendant William Paley in *Exhibit E. (See, NYSCEF Doc. No. 58 and 63).* Here, there is ambiguity as to the existence of an insurance clause, which leads to a question of fact precluding defendant William Paley from summary judgment in relation to its breach of contract claim. *See, 388 Realty Owner LLC v. Amtrust Intl. Underwriters Ltd.,* 192 AD3d 449 (1st Dep't 2021).

Accordingly, it is hereby

**ORDERED** that the portion of defendant William Paley's motion for an Order, pursuant to *CPLR §3212,* granting defendant William Paley summary judgment on the issue of liability as it related to *Labor Law §200* and negligence causes of action is **DENIED**; and it is further

**ORDERED** that the portion of defendant William Paley's motion for an Order, pursuant to *CPLR §3212,* granting defendant William Paley summary judgment as against Blade Contracting Inc. and Blade General Contracting Inc. on the cross claims for contractual indemnification and breach of contract for failure to procure insurance is **DENIED**; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered; and it is further

**ORDERED** that within 30 days of entry, movant-defendant shall serve a copy of this Decision/Order upon the all the parties with notice of entry.

This constitutes the Decision and Order of the Court.

| 3/17/2025 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | LISA S. HEADLEY, J.S.C. | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**155441/2021  MADDIX, PAUL vs. WILLIAM PALEY FOUNDATION, INC. ET AL**
**Motion No. 003**

Page 4 of 4