| **Huaylla v Chestnut Commons Hous. Dev. Fund Corp.** |
| 2025 NY Slip Op 31198(U) |
| April 9, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159180/2020 |
| Judge: Lisa S. Headley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. LISA S. HEADLEY          PART           28

*Justice*

-------------------------------------------------------------X

OSCAR E. MOINA HUAYLLA,

                 Plaintiff,

        - v -

CHESTNUT COMMONS HOUSING DEVELOPMENT FUND
CORPORATION, LETTIRE CONSTRUCTION CORP.

              Defendant.

-------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159180/2020 |
| MOTION DATE | 10/29/2024, 10/29/2024 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 59, 61, 63, 65, 67, 68, 69, 81, 82, 83, 84, 85, 86

were read on this motion to/for         JUDGMENT - SUMMARY     .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 50, 51, 52, 53, 54, 55, 56, 57, 58, 60, 62, 64, 66, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80

were read on this motion to/for         JUDGMENT - SUMMARY     .

Before the Court is the motion (*seq. no. 002*) filed by the defendants, Chestnut Commons Housing Development Fund Corporation and Lettire Construction Corp. ("defendants"), for summary judgment, pursuant to *CPLR §3212*, dismissing plaintiff's complaint. (*See, NYSCEF Doc. Nos. 34 – 47*). Plaintiff filed opposition to the motion. (*NYSCEF Doc. Nos. 67 - 69*).

Also, before the Court is the motion (*seq. no. 003*) filed by plaintiff, Oscar Moina Huaylla ("plaintiff"), for an Order granting summary judgment on liability against defendants based on their violation of *New York State Labor Law §§240* and *241(6)* and setting this matter down for a trial on damages only. Defendants filed opposition, and plaintiff filed a reply, arguing that the opposition was filed untimely and only seven days prior to the return date of the motion.

In the complaint, the plaintiff alleges that defendant Chestnut was the owner of the building located at 110 Dinsmore Place, Brooklyn, New York ("subject premises"), where the subject accident occurred on September 20, 2020. Defendant Lettire was the general contractor on the subject premises, who hired subcontractor and non-party, Moore Group, to perform concrete work of a new building at the subject premises. Plaintiff was employed by Moore Group and was on the site to perform carpentry and concrete work. Plaintiff asserts that while he was performing his work on the floor of the building, he left the floor to go to the restroom, and when he returned he walked underneath plywood located at the ceiling and the plywood above him struck him in his head. (*See, NYSCEF Doc. No. 55 at 31*). Plaintiff asserts that there was no warning posted or no yellow security tape located on the 6th floor, and he did not see that upon his return from the

159180/2020 MOINA HUAYLLA, OSCAR E. vs. CHESTNUT COMMONS HOUSING
Motion No. 002 003

Page 1 of 6

bathroom to the floor that pieces of plywood had already been removed, that the support posts were removed; and plywood was going to drop. Plaintiff also asserts that there was no other route to return to his work area from the bathroom other than under the plywood which allegedly struck him.

The plaintiff asserts separate causes of actions against defendant Chestnut Commons, as the owner of the subject premises, and Lettire Construction, as the general contractor. As to the defendant, Chestnut Commons, the plaintiff asserts in the Complaint the following causes of actions: negligence, carelessness and violations of the Labor Laws of State of New York, including, but not limited to *Labor Law §§200, 240 and 241(6)* and *12 NYCRR 23-1. 7(a)(2). (See, NYSCEF Doc. No. 1, Complaint at ¶ 9).*

As to the defendant, Lettire Construction, the plaintiff asserts in the Complaint the following causes of actions: negligence, carelessness and violations of the Labor Laws of State of New York, including, but not limited to *Labor Law §§200, §240 and §241(6)* and *12 NYCRR 23-1. 7(a)(2). (See, Complaint at ¶ 25).*

## *CPLR § 3212*

"It is well settled that 'the proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact." *Pullman v. Silverman*, 28 N.Y.3d 1060, 1062 (2016), *Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 (1986). "Failure to make such showing requires denial of the motion regardless of the sufficiency of the opposing papers." *Winegard v. New York Univ. Med. Ctr.*, 64 N.Y.2d 851, 853 (1985) *(internal citations omitted)*. "On a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." *CPLR § 3212*. "Once such *prima facie* showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." *Cabrera v. Rodriquez*, 72 A.D.3d 553, 553-554 (1st Dep't 2010).

## *Labor Law §240(1)*

*Labor Law § 240(1)*, also known as "New York's Scaffold Law" imposes "absolute liability on building owners and contractors whose failure to provide proper protection to workers employed on a construction site proximately causes injury to a worker." *See, Wilinski v. 334 E. 92nd Hous. Dev. Fund. Corp.*, 18 N.Y.3d 1, 7 (2011). The Scaffold law states:

> "[a]ll contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

*N.Y. Labor Law § 240(1).*

159180/2020  MOINA HUAYLLA, OSCAR E. vs. CHESTNUT COMMONS HOUSING        Page 2 of 6
Motion No. 002 003

2 of 6

[* 2]

The duty imposed by *Labor Law § 240(1)* is nondelegable, meaning that an owner or contractor who violates this duty can be held liable for damages, regardless of whether they exercised actual supervision or control over the work. *See, e.g., Haimes v. New York Tel. Co.*, 46 N.Y.2d 132, 136—137 (1978). With respect to a falling object, *Labor Law §240 (1)* applies where the falling of an object is related to "a significant risk inherent in ... the relative elevation ... at which materials or loads must be positioned or secured." *Rocovich v. Consolidated Edison Co..* 78 N.Y.2d 509, 514 (1991). In assessing liability under *New York's Scaffold Law*, the legislative intent behind *Labor Law § 240(1)* is to ensure that appropriate safety measures are in place, regardless of logistical challenges or inherent danger. *See, e.g. Rocovich v. Consolidated Edison Co.*, 78 N.Y.2d 509, 514 (1991).

To prevail on a *Labor Law § 240(1)* claim, the plaintiff must establish that the violation of the statute was a proximate cause of his or her injuries. *Blake v. Neighborhood Hous. Servs. of New York City, Inc.*, 1 N.Y.3d 280, 286 (2003). Liability under the Scaffolding Law depends upon the injury having resulted from "the failure to use, or the inadequacy of ... a device" within the purview of the statute. *Ortiz v. Varsity Holdings, LLC*, 18 N.Y.3d 335, 340 (2011) (internal quotation marks omitted). Furthermore, when two conflicting versions of an event are presented, and under either version, safety devices are either absent or inadequate to protect the plaintiff, the existence of such conflicting accounts does not create an issue of material fact sufficient to preclude summary judgment. *See, Iuculano v. City of New York*, 214 A.D.3d 535 (1st Dep't 2023).

Here, this Court finds that the plaintiff established a *prima facie* entitlement to summary judgment on the *Labor Law §240(1)* claims. The type of work being performed, including removing support posts, and the stripping of lumbar, involves a load that required securing because plaintiff's injury was the foreseeable consequence of the risk of performing the task – that being a falling plywood. Further, there is no dispute that a safety device was not in place to prevent plywood from falling. Defendant-Lettire's witness, Mr. Lorenzo testified that during the stripping process, the plywood was dropped under "controlled circumstances." However, the plywood should have been secured against falling and collapse by securing the plywood with jacks or posts or other supporting members and/or that the plywood should have been removed immediately if any supports had been removed. *See also, Gutierrez v. 610 Lexington Prop., LLC*, 179 A.D.3d 513, 117 N.Y.S.3d 208 (1st Dep't 2020). The Court also agrees with the plaintiff's expert, Mr. Dolhon, who opined that the defendants violated *Labor Law §240* based upon their failure to secure the suspended plywood. Accordingly, the plaintiff's motion for summary judgment as to the issue of liability on the issue of *Labor Law §240(1)* is granted, and the defendant's motion for summary judgment to dismiss the *Labor Law §240(1)* claim is denied.

### Labor Law §241(6)

Defendants argue that plaintiff's *Labor Law §241(6)* claim should be dismissed because the plaintiff failed to establish a violation of a specific safety provision required by the New York Industrial Code. Specifically, Defendants contend that *Industrial Code §23-1.7(a)(2)* is inapplicable, as the worksite was not "normally exposed" to falling objects, and Plaintiff purposefully entered the area during stripping operations, rendering barricading requirements

**159180/2020 MOINA HUAYLLA, OSCAR E. vs. CHESTNUT COMMONS HOUSING**
Motion No. 002 003

Page 3 of 6

[* 3]

irrelevant. Additionally, Defendants assert that *Industrial Code §23-1.5*, addressing general safety responsibilities, lacks the specificity necessary to support a §241(6) claim. They further maintain that compliance with *Industrial Code §23-1.7(a)(1)* regarding overhead protection was impractical and would have obstructed stripping operations. In addition, the defendants argue that *Industrial Code §§ 23-1.3* and *23-2.2(a)-(e)* do not apply, given that stripping inherently involves dismantling protective forms and structures, rendering these provisions irrelevant to Plaintiff's circumstances.

To the contrary, the plaintiff argues that the defendants' actions violated *Industrial Code §§ 23-1.7(a)(1)* and *(a)(2)* because there was no security tape or warning signs to limit access to the work area since the worksite was subject to falling objects, such as plywood that was in the process of being removed by workers. The plaintiff contends that the removed plywood was no longer secured by supports and posts, therefore barricades and overhead protections should have been provided at the worksite. Specifically, the plaintiff argues that *Industrial Code §23-1.7(a)(2)* is applicable in this case because the area where the plywood struck him was not the area where plaintiff was required to work, and that the area where defendants' employees were drilling and chopping concrete on the floor was not blocked off, and there were no warnings posted to indicate the danger of falling debris.

In addition, the plaintiff argues that *Industrial Code §23-2.2(a)* and *(b)*, which applies to concrete work, are applicable in this case. First, *12 NYCRR § 23–2.2(a)* provides that "[f]orms, shores and reshores shall be structurally safe and shall be properly braced or tied together so as to maintain position and shape." *12 NYCRR §23-2.2*. Second, *12 NYCRR § 23–2.2(b)* provides that "[d]esignated persons shall continuously inspect the stability of all forms, shores and reshores including all braces and other supports during the placing of concrete. Any unsafe condition shall be remedied immediately." *Id.* In this case, plaintiff claims through their expert's opinion that the defendants failed to ensure that the formwork and shoring (the plywood) were structurally safe and failed to continuously inspect the stability of the plywood framework. *(NYSCEF Doc. No. 57 at 16)*. To the contrary, the defendants argue the stripping performed was intended to remove and dismantle those forms after the concrete had dried, thus, the above-mentioned provisions are not applicable.

Here, this Court finds that *Industrial Code §23-1.7(a)* does not apply to the facts of this case because this section is applicable only where there is evidence that the plaintiff was injured in an area where workers were " normally exposed to falling objects." *See also, Melvin v. Cny Const. Mgt., Inc.*, 2018 N.Y. Slip Op. 30560[U], 17 (N.Y. Sup Ct, New York County 2018). Here, there is no dispute that there were no protections in place as the defendants argued that overhead barricades would make the removal work impossible. However, the plaintiff's argument that the plywood should have been secured and there was plywood in the process of being removed by workers suggests that the area where he was working was not one that is normally exposed to falling material or objects. *See, Gabriel Rodriguez Betances v. Smitell LLC*, 2022 N.Y. Slip Op. 32067[U], 8 (N.Y. Sup Ct, Kings County 2022). "Although this regulation is sufficiently specific to support a cause of action under *Labor Law § 241(6)*, the plaintiff has failed to make a *prima facie* showing that the area where he was working was an area normally exposed to falling objects

[* 4]

under *Industrial Code §23-1.7(a)*. *Id.* [Internal citations omitted]. Further, the plaintiff and defendants present conflicting testimony as to whether there was yellow caution tape to prevent inadvertent entry in the subject area.

Therefore, as there are issues of fact as to whether the subject area was normally exposed to falling objects, the branch of Plaintiff's motion seeking summary judgment on his *Labor Law §241 (6)* claim insofar as it is predicated upon a violation of *12 NYCRR 23-1.7 (a) (1) and(2)* is denied. In addition, this Court finds that triable issues exist regarding whether supports were in place during the placing of concrete or after the concrete had dried. Therefore, the plaintiff's motion for summary judgment as it applies to the application of *12 NYCRR 23-2.2(a)* and *(b)* is denied. Consequently, the defendant's motion for summary judgment to dismiss these claims is also denied.

### *Labor Law §200*

In support of the motion for summary judgment to dismiss, the defendants argue, *inter alia*, that plaintiff's *Labor Law §200* and common law negligence claims should be dismissed because the defendants neither created nor had actual or constructive notice of the conditions leading to plaintiff's injury. Specifically, defendants assert that the alleged dangerous condition arose solely from the subcontractor's methods and materials. Defendants also argue that mere retention of general supervisory authority or enforcement of general safety standards does not establish the requisite level of control and that the defendants did not direct, control, or supervise the stripping operation, and the injury resulted exclusively from plaintiff's own actions and the methods employed by subcontractors, which precludes imposing liability on defendants. (*NYSCEF Doc. No. 46).*

In opposition, plaintiff argues, *inter alia*, that defendants failed to satisfy their *prima facie* burden on their motion to dismiss the *Labor Law §200* and common law negligence claims. Specifically, plaintiff argues that defendants' affirmation and memorandum of law are devoid of testimony or factual proof eliminating their actual or constructive notice of the hazardous condition causing plaintiff's injury.

*Labor Law §200* claims arise from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed. *N.Y. Labor Law §200*. Under *Labor Law §200*, it is the general duty of owners and contractors to make certain all equipment, machinery, and devices are positioned, operated, and guarded in a secure manner. *Id.* "For an owner to be held liable for common-law negligence or pursuant to *Labor Law §200*, a plaintiff must show that the owner supervised or controlled the work or had actual or constructive notice of the unsafe condition causing the accident." *Cuartas v. Kourkoumelis*, 265 A.D.2d 293, 696 N.Y.S.2d 475 (1999).

Here, the Court finds that defendants have failed to establish its *prima facie* entitlement to summary judgment to dismiss the *Labor Law §200* claim as a matter of law. Specifically, the evidence submitted indicates a triable issue as to whether the defendants exercised the requisite control over the means and methods by which the work was carried out and whether the defendants breached its common law duty to provide the plaintiff with safe working conditions. Accordingly,

159180/2020   MOINA HUAYLLA, OSCAR E. vs. CHESTNUT COMMONS HOUSING
Motion No. 002 003

Page 5 of 6

5 of 6

the Court denies the branch of the defendants' motion for summary judgment dismissing the plaintiff's claims alleging common-law negligence and a violation of *Labor Law §200.*

Accordingly, it is hereby

**ORDERED** that defendants Chestnut Commons Housing Development Fund Corporation and Lettire Construction Corp.'s summary judgment motion to dismiss the plaintiff's complaint is DENIED; and it is further

**ORDERED** that the portion of plaintiff Oscar Moina Huaylla's summary judgment motion for an Order as to liability against defendants, Chestnut Commons Housing Development Fund Corporation and Lettire Construction Corp., based on their violation of *New York State Labor Law §240(1)* is GRANTED; and it is further

**ORDERED** that the portion of plaintiff Oscar Moina Huaylla's summary judgment motion for an Order as to liability against defendants, Chestnut Commons Housing Development Fund Corporation and Lettire Construction Corp., based on their violation of *New York State Labor Law §241(6)* is DENIED; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered; and it is further

**ORDERED** that within 30 days of entry, plaintiff shall serve a copy of this Decision/Order upon all parties with notice of entry.

This constitutes the Decision and Order of the Court.

| 4/9/2025 | | LISA S. HEADLEY, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | ☐ DENIED | X | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

159180/2020  MOINA HUAYLLA, OSCAR E. vs. CHESTNUT COMMONS HOUSING
Motion No. 002 003

Page 6 of 6

[* 6]